D. D. COBURN v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION.

(Filed 24 September, 1947.)

**Railroads § 11—**

> The provisions of G. S., 60-81, making the killing of livestock by the engine or cars running upon any railroad *prima facie* evidence of negligence in an action against the railroad company for damages, do not apply unless the action is brought within six months after the cause of action accrues, and in this case evidence of negligence without the benefit of such presumption *is held* insufficient.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at April Term, 1947, of MARTIN.

Civil action instituted 1 November, 1946, to recover damages for hogs killed, two on 31 December, 1945, and two on 17 January, 1946, by trains of defendant as result of alleged actionable negligence of defendant, which allegations of negligence are denied by defendant.

In the trial court plaintiff offered evidence in an effort to make out a case of actionable negligence. Defendant also offered evidence. The court sustained motion for judgment as in case of nonsuit at close of all the evidence.

Plaintiff appeals to Supreme Court and assigns error.

STATE *v.* DOUGLAS.

*R. L. Coburn for plaintiff appellant.*
*Rodman & Rodman for defendant appellee.*

PER CURIAM. The benefit of the provisions of the statute, G. S., 60-81, making the killing of cattle and other livestock by the engine or cars running upon any railroad *prima facie* evidence of negligence on the part of the railroad company in any action for damages against such company is unavailable to plaintiff, since the statute further provides that no person shall be allowed the benefit of its provisions unless he shall bring his action within six months after his cause of action shall have accrued. Plaintiff concedes this. This being so, the evidence offered on the trial of this action taken in light most favorable to plaintiff fails to make out a case of actionable negligence. Hence, the judgment below is

Affirmed.